IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANNE MARIE CHAMBERS,    )
                        )
    Petitioner,          )
                        )
v.                      )    Civil Action No. 3:17CV640–HEH
                        )
D.K. WILLIAMS,          )
                        )
    Respondent.          )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 Petition for Want of Jurisdiction)

Anne Marie Chambers, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.) For the reasons set forth below, the § 2241 Petition will be dismissed for want of jurisdiction.[1]

### I.     Procedural History

Chambers was convicted of conspiracy to possess with intent to distribute crack cocaine, use of a firearm during a drug trafficking crime, and importing cocaine into the United States. *See United States v. Chambers*, Nos. 95–5362, 95–5364, 95–5363, 95–5496, 1996 WL 511484, at *1 (4th Cir. Sept. 10, 1996). The Court sentenced Chambers to 480 months of incarceration. *See United States v. Chambers*, No. 3:94CR89 (E.D. Va. May 1, 1995), ECF No. 91. The Fourth Circuit affirmed her convictions and sentence. *See Chambers*, 1996 WL 511484, at *1–4. Since that time, her sentence has been

---

[1] Chambers is incarcerated in Danbury Federal Correctional Institution, in Danbury, Connecticut. Accordingly, Chambers should have filed a § 2241 petition in the district where she is confined. *See* § 28 U.S.C. § 2241(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the Court will not transfer the action to that court because of the apparent lack of jurisdiction under both § 2241 and 28 U.S.C. § 2255(e).

reduced twice, and she is now serving a 360-month term of imprisonment. *Chambers*, No. 3:94CR89 (E.D. Va. May 23, 2012 & Mar. 14, 2016), ECF Nos. 301, 327. By Memorandum Opinion and Order entered on September 3, 1998, the Court denied a 28 U.S.C. § 2255 motion filed by Chambers. *Chambers*, No. 3:94CR89 (E.D. Va. Sept. 3, 1998), ECF Nos. 180, 181. Chambers has also filed several successive, unauthorized § 2255 motions that have been dismissed by the Court. *Chambers*, No. 3:94CR89 (E.D. Va. May 1, 2002, Jan. 9, 2006, Nov. 28, 2016), ECF Nos. 203, 234, 336, 337. In her present § 2241 Petition, Chambers challenges her conviction for use of a firearm during a drug trafficking crime and resulting sentence.

## II. Analysis

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

2

for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[3]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his own, has no source of redress." *Id.* at 333 n.3 (emphasis added).

Chambers fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Chambers fails to demonstrate that "subsequent to [her] direct appeal and [her] first

---

[3] Chambers cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting she is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

3

§ 2255 motion, the substantive law changed such that the conduct of which [she] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Chambers stands convicted, use of a firearm during a drug trafficking crime, remains criminal. Chambers essentially argues that there was insufficient evidence to demonstrate that she used a firearm during the commission of a drug trafficking crime. She contends that "she did not consciously assist[] or use personally a firearm and did not have knowledge that a gun was being used by others," and cites to *Bailey v. United States*, 516 U.S. 137 (1995),[4] to demonstrate that the law has changed. (§ 2241 Pet. 3–4.) However, to the extent that Chambers argues that *Bailey* somehow entitles her to relief under § 2241, she is incorrect. *Bailey* was decided in 1995, during the pendency of her direct appeal. Thus, Chambers cannot satisfy the requirement that "subsequent to [her] direct appeal and [her] first § 2255 motion, the substantive law changed such that the conduct of which [she] was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 334.

Chambers also cites two Supreme Court cases that have been decided since the filing of her appeal and first § 2255 motion, *Dean v. United States*, 137 S. Ct. 1170 (2017), and *Rosemond v. United States*, 134 S. Ct. 1240 (2014), in support of her argument that she did not "use" a firearm. (§ 2241 Pet. 3.) However, neither case has any bearing on Chambers's contention that she did not "use" a firearm during a drug trafficking crime. *Dean* involved the authority of sentencing courts to "consider[] a

---

[4] *Bailey* held that a conviction under 18 U.S.C. § 924(c)(1), which criminalized the use of a firearm during and in relation to a drug trafficking crime, required evidence sufficient to show active employment of the firearm by the defendant, not just mere possession by a person who commits a drug offense. *See Bailey*, 516 U.S. at 150.

4

mandatory minimum [sentence] under § 924(c) when calculating an appropriate sentence for the predicate offense." 137 S. Ct. at 1178.[5] Chambers fails to explain how a case pertaining to the sentencing phase of criminal proceedings applies to whether she used a firearm. In addition, *Rosemond* involved what the "Government must show when it accuses a defendant of aiding and abetting" a § 924(c) offense, and the Supreme Court held that, "the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking . . . with advance knowledge that a confederate would use or carry a gun during the crime's commission." 134 S. Ct. at 1243. Chambers was convicted as a principal of use of a firearm during a drug trafficking crime, not of aiding and abetting that crime. *See Chambers*, 1996 WL 511484, at *1 n.1. Thus, the Court fails to discern, and Chambers fails to explain, how *Rosemond* could provide her any relief in the context of § 2241. Because Chambers fails to demonstrate that § 2255 is inadequate and ineffective to test the legality of her conviction, she may not proceed under § 2241. Accordingly, the § 2241 Petition (ECF No. 1) will be dismissed for want of jurisdiction.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 20, 2017
Richmond, Virginia

---

[5] To the extent Chambers intends to challenge her sixty month sentence for her § 924(c) conviction, she may not do so by § 2241. The "Fourth Circuit . . . has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34).

5